# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISTINA HAWKS,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 25-1072 (UNA)
                                        )
MATTHEW DAVIES,                         )
                                        )
            Defendant.                  )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).  The Court GRANTS the application and DISMISSES the complaint without prejudice for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* FED. R. CIV. P. 8(a).

As far as the Court can discern, Plaintiff, who resides in the District of Columbia, attempts to bring legal malpractice and other tort claims against a Defendant for whom she provides a District of Columbia address.  This case does not present a federal question.  Because

1

both parties appear to reside or conduct business in the District of Columbia, and because the amount in controversy does not exceed the $75,000 threshold, Plaintiff fails to demonstrate diversity jurisdiction. Finally, the one word mention of "discrimination" is insufficient to invoke the federal antidiscrimination laws.

A separate Order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: June 10, 2025